ARNE THIRUP AND PAULINE THIRUP, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7930–70.   Filed October 19, 1972.

*George E. Link*, for the petitioners.
*Nicholas G. Stucky*, for the respondent.

#### OPINION

RAUM, *Judge:* At issue is whether expenditures for greenhouses were eligible for the investment credit under section 38 of the 1954 Code. The answer depends upon whether Pajaro Valley's greenhouses qualified as "section 38 property," a term that is defined by section 48(a)(1).[2] The greenhouses qualified under that section only if they were not "buildings" within the meaning of section 48(a)(1)(B). In *Sunnyside Nurseries*, 59 T.C. 113, decided this day, we found certain other greenhouses to be "buildings." We think that Pajaro Valley's greenhouses sufficiently resembled those in *Sunnyside* to be treated consistently for investment credit purposes, and therefore follow *Sunnyside* and hold that the structures involved herein were also "buildings."

Most of our discussion in the *Sunnyside* case is equally pertinent here, and we will not repeat it. To be sure, Pajaro Valley's greenhouses were less substantial in structure than those in *Sunnyside*, having wood frames, fiber glass roofs and walls, and floors consisting only of the bare ground enclosed by each structure. The greenhouses in *Sunnyside* had steel and aluminum frames, roofs and walls of clear glass, and concrete floors and foundations. Moreover, Pajaro Valley's employees planted rosebushes and carnation sprigs directly in the greenhouse floors, whereas Sunnyside generally grew its plants in pots set

---

[2] Prior to certain amendments not applicable here, sec. 48(a)(1) provided, in relevant part, as follows:

SEC. 48. DEFINITIONS; SPECIAL RULES.

(a) SECTION 38 PROPERTY.—

(1) IN GENERAL.—* * * the term "section 38 property" means—

(A) tangible personal property, or

(B) other tangible property (*not including a building and its structural components*) but only if such property—

(i) is used as an integral part of manufacturing, production, or extraction, or of furnishing transportation, communications, electrical energy, gas, water, or sewage disposal services, or

(ii) constitutes a research or storage facility used in connection with any of the activities referred to in clause (i) * * *.

Such term includes only property with respect to which depreciation (or amortization in lieu of depreciation) is allowable and having a useful life (determined as of the time such property is placed in service) of 4 years or more. [Emphasis supplied.]

128

upon tables in the greenhouses. Nevertheless, the overall structure of Pajaro Valley's greenhouses was quite similar to that of Sunnyside's facilities, and they looked as much like "buildings," as that term is commonly understood, as the *Sunnyside* greenhouses. The structures in both cases also served identical purposes—to construct environments conducive to controlled plant growth and to provide working space for employees and machines. Pajaro Valley's contingent of greenhouse workers was smaller in number than Sunnyside's, and the work performed by each group of employees differed in some respects, but in both cases a substantial number of persons were constantly occupied inside the greenhouses for at least 5 full workdays each week.

Having held that the greenhouses in *Sunnyside* were "buildings" within the meaning of section 48(a) (1) (B), we find no reason to regard the structures involved herein any differently. Pajaro Valley's greenhouses consequently did not qualify as "section 38 property," and petitioner Thirup's claimed investment credit in respect of such structures was therefore properly disallowed.

*Decision will be entered under Rule 50.*